IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MAYRA BETH STUMP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 7:20cv00369 |
| ) | |
| ROBERT WILKIE, SECRETARY, ) | By: Elizabeth K. Dillon |
| DEPARTMENT OF VETERANS ) | United States District Judge |
| AFFAIRS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

Pending before the court is the Secretary Robert Wilkie's motion to dismiss for failure to state a claim. (Dkt. No. 13.) The motion has been fully briefed, and no argument is needed. For the reasons stated below, the court will grant the motion to dismiss.

I.  BACKGROUND

Plaintiff Mayra Beth Stump is a United States Army veteran who served during the Vietnam era. (Compl. 3, Dkt. No. 1.) She has service-related Post Traumatic Stress Disorder (PTSD), Attention Deficit Hyperactivity Disorder (ADHD), dyslexia, and anxiety. (*Id.*) Defendant Robert Wilkie was the Secretary of Veterans Affairs at the time this lawsuit was filed. (*Id.* at 2.)

On February 27, 2011, Stump was hired as a Vocational Rehabilitation Specialist at the Salem Veterans Affairs ("VA") Medical Center. (Compl. 3, Dkt. No. 1.) She was hired for a four-year term with a two-year probationary period. (*Id.*) Stump had over 20 years of experience as a vocational rehabilitation counselor when she was hired by the VA. (*Id.*)

Shortly after Stump began working for the VA, her supervisor, Sandy Lane, accessed Stump's medical files and learned of her PTSD, ADHD, dyslexia, and anxiety. (*Id.*) Around April 2011, Lane came to Stump's office and asked if she would like a less stressful job. (*Id.*) Stump "responded that she needed a less stressful work environment, however, her job was what she worked towards for the last 20 years." (*Id.*) According to Stump, Lane constantly made comments regarding Stump's fitness for the job. (*Id.*)

Lane assigned another employee to work in a role supervising Stump. Stump represents that this employee then began speaking to Stump in a "hostile and demeaning manner." (*Id.* at 3.) Stump reported the problem to Lane, and Lane informed Stump that this employee spoke to everyone in a harassing and demeaning tone. (*Id.* at 4.) Lane did not file a complaint in Stump's name against the employee. (*Id.*) Further, Lane told Stump that "people do not like it when waves are made" and insinuated that Stump should leave her job. (*Id.*)

On December 14, 2012, Stump contacted the Union and Equal Employment Office (EEO) regarding the harassment she experienced. (*Id.*) Lane responded by telling Stump that "no one likes a troublemaker" and the report will make it more difficult for Stump to get another job in the future. (*Id.*) Lane "informed [Stump] that she needed to go with the flow, and not to cause any waves." (*Id.*)

On December 28, 2012, Stump received a memorandum from Lane placing her on a performance improvement plan. (*Id.*) "Lane added restrictive and unrealistic time constraints to [Stump's] job duties, including completing progress notes, assessments, and treatment plans within 15 minutes." (*Id.*) Stump believed that Lane imposed this "arbitrary time to complete tasks" with the understanding that it would exacerbate Stump's disabilities. (*Id.*)

On January 8, 2013, Lane called Stump into her office. Lane told Stump, "if I knew about you what I now know I would not have hired you, oh, not that I have read your file." (*Id.*) On January 28, 2013, Stump received a letter from VA management terminating her employment after the two-year probationary period. (*Id.*) Her termination was effective on February 8, 2013. (*Id.*)

On March 15, 2013, Stump filed a formal complaint with the Equal Employment Office alleging that the VA subjected her to a hostile work environment based on her disabilities and terminated her employment in retaliation for her engagement in protected activities. (Def.'s Br. 2, Dkt. No. 14.) In August 2015, Stump had a hearing before an Equal Opportunity Employment Commission (EEOC) Administrative Judge (AJ). (*Id.*) "The AJ found that while Stump had not suffered discrimination based on disability or age, she had been subjected to a single instance of per se reprisal by a supervisor" and awarded Stump "$500.00 in non-pecuniary damages and $12,286.00 in attorney's fees." (*Id.*) On April 22, 2016, the VA adopted the AJ's order in a Final Agency Decision, and Stump appealed. (*Id.*; Compl. at 5.) On September 20, 2018, the EEOC's Office of Federal Operations affirmed the VA's decision and provided Stump with notice that she may institute a civil suit against the VA within 90 days.[1] (Def.'s Br. 2–3; Compl. ¶ 6, 19.)

Stump first filed suit on December 21, 2018, in Case No. 7:18-cv-00637. "[T]o effect proper service, Stump was required to serve three people — Robert Wilkie (the Secretary of the

---

[1] The notice states that "[f]or timeliness purposes the Commission will presume that this decision was received within five (5) calendar days after it was mailed." (Dkt. No. 14-2 at 9.) An official with the Compliance and Control Division of the Department of Veterans Affairs signed and dated the notice, certifying that is was mailed to Stump on September 20, 2018. (*Id.*) However, the first page of the notice contains a stamp indicating that it was received by the Personnel Law Group in the Department of Veterans Affairs on September 25, 2018. (*Id.* at 1.) Stump states that it is "presumed [she] received [the final decision and notice] on September 25, 2018." (Compl. ¶ 6.) It is not clear from the record when Stump actually received the notice.

3

Department of Veterans Affairs), the United States Attorney for the Western District of Virginia, and the Attorney General of the United States," but Stump only served Secretary Wilkie. (Case No. 7:18-cv-00637, Dkt. No. 12 at 2.) "The court sent a letter to Stump's counsel on March 5, 2019, explaining that, pursuant to Federal Rule of Civil Procedure 4(m), Stump had only seventy days remaining to serve defendant before her complaint would be dismissed." (*Id.* at 1.) Nevertheless, Stump failed to properly serve the United States. Therefore, on March 17, 2020, this court dismissed Stump's complaint without prejudice. (*Id.* at 3.)

On June 29, 2020, Stump refiled her suit, alleging that the VA discriminated against her on the basis of her disabilities, retaliated against her for reporting harassment, failed to accommodate her disabilities, and created a hostile work environment in violation of the Americans with Disabilities Act (ADA) and the Rehabilitation Act. (Compl. 5–8.) Defendants now move to dismiss the case arguing that Stump's claims are time barred and she has again failed to effectuate timely service on the United States. (Def.'s Br. at 5–6.)

II. DISCUSSION

A. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits a dismissal when a plaintiff fails "to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion, a complaint must contain sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 550. A court will accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A court need not accept "legal conclusions drawn from the facts," nor "unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.,*

*Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [will] not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In adjudicating a motion to dismiss, a court's review is "generally limited to a review of the allegations of the complaint itself." *Goines v. Valley Community Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). "[A court may] also consider documents that are explicitly incorporated into the complaint by reference, *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007), and those attached to the complaint as exhibits, *see* Fed. R. Civ. P. 10(c)." *Id.* It follows that a court "may consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Id.* (citing *Sec'y of State For Defense v. Trimble Nav. Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007); *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004); *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)). "[A] document is 'integral to the complaint' 'where the complaint relies heavily upon its terms and effect.'" *Id.* (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)); see also *Smith v. Hogan*, 794 F.3d 249, 255 (2d Cir. 2015) (document with "no independent legal significance to [plaintiff's] claim" was not integral to complaint).

"A court has the discretion to allow a motion to dismiss under Rule 12(b)(6) with or without prejudice." *Misel v. Green Tree Servicing*, LLC, 782 F. Supp. 2d 171, 177–78 (E.D.N.C. 2011) (citing *St. Clair v. Banker Steel Co.*, LLC, No. 6:06CV42, 2007 WL 45785, at *3 (W.D. Va. Jan. 5, 2007)). "Generally, where a defect in the complaint is curable, the court should grant the dismissal without prejudice." *Id.* (citing *Cloaninger v. McDevitt*, No. 106CV135, 2006 WL 2570586, at *6–9 (W.D.N.C. Sept. 3, 2006)). However, dismissal with

prejudice may be appropriate where claims are time-barred by the statute of limitations. See *Foy v. Giant Food, Inc.*, 298 F.3d 284, 291 (4th Cir. 2002) (affirming dismissal with prejudice where plaintiff's claims were appropriately time-barred); *Chen v. VPT, Inc.*, No. CIV.A. 7:08CV00419, 2008 WL 4693556, at *5 n.10 (W.D. Va. Oct. 24, 2008) ("[b]ecause the court's dismissal rests on the grounds that [plaintiff's] causes of action are time-barred, allowing [plaintiff] to re-plead would be futile" and dismissal with prejudice is proper).

**B. Statute of Limitations**

"An individual who files an EEOC charge and then files a civil action must do so 'within ninety days of receiving the notice of right to sue, as required by 42 U.S.C. § 2000e–5(f)(1).'" *Clark v. Saval*, No. CV DLB-19-3519, 2020 WL 7640819, at *7 (D. Md. Dec. 23, 2020) (quoting *Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 653 (4th Cir. 1987)) (citing *Strothers v. City of Laurel, Md.*, 118 F. Supp. 3d 852, 860 (D. Md. 2015)). "The date on which the claimant received the EEOC letter [i]s critical in determining the commencement of the 90-day period." *Nguyen v. Inova Alexandria Hosp.*, 187 F.3d 630, 1999 WL 556446 at *3 (4th Cir. July 30, 1999) (unpublished). The Fourth Circuit has "rejected an 'actual receipt' rule" and instead engaged "a case-by-case examination to determine if an equitable tolling of the filing period is appropriate." *Id.* (quoting *Harvey*, 813 F.2d at 654). "In the context of individual cases, [the Fourth Circuit] ha[s] held that delivery of a notice of right to sue triggered the limitations period." *Id.* (citing *Harvey*, 813 F.2d at 654 (wife's receipt of notice letter triggered the 90-day period); *Watts-Means v. Prince George's Family Crisis Ctr.*, 7 F.3d 40, 42 (4th Cir. 1993) (Postal Service's notice to claimant that she could pick up the letter triggered the limitations period); *Harper v. Burgess*, 701 F.2d 29, 30 (4th Cir. 1983) (notice to plaintiff's

6

counsel triggered limitations period and failure to notify EEOC of change of address was bar to equitable tolling)).

The Fourth Circuit has "utilized procedural rules in ascertaining the receipt date of notice of right to sue letters." *Nguyen*, 187 F.3d 630, 1999 WL 556446 at *3. "[I]f the actual date of receipt is confirmed by evidence, that date governs." *Id.* (citing *Dixon v. Digital Equip. Corp.*, 976 F.2d 725, 1992 WL 245867, *1 (4th Cir. Sept. 30, 1992) (unpublished); *Williams v. Enterprise Leasing Co. of Norfolk/Richmond*, 911 F. Supp. 988, 991–92 (E.D. Va. 1995)). "If the date is unknown, however, it is presumed that service by regular mail is received within three days pursuant to Rule 6(e) of the Federal Rules." *Id.* (citing Fed. R. Civ. P. 6(e); *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 148, n.1 (1984) (suggesting that Rule 6(e) applies when parties dispute the date of receipt)).

The "ninety-day [statute of limitations] period is subject to equitable tolling considerations." *Clark*, No. CV DLB-19-3519, 2020 WL 7640819, at *8 (citing *Harvey*, 813 F.2d at 654). "Equitable tolling is a narrow exception to statutes of limitations and is appropriate 'where the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action.'" *Angles v. Dollar Tree Stores, Inc.*, 494 F. App'x 326, 329–30 (4th Cir. 2012) (citing *English v. Pabst Brewing Co.*, 828 F.2d 1047, 1049 (4th Cir. 1987)). "[E]quitable tolling is not appropriate in cases where 'the claimant failed to exercise due diligence in preserving his legal rights.'" *Id.* (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). "[A] plaintiff seeking relief from a limitations period based on 'equitable tolling' must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing[.]'" *Clark*, No. CV DLB-19-3519, 2020 WL 7640819, at *8 (quoting *Edmonson v. Eagle Nat'l Bank*, 922 F.3d 535,

548 (4th Cir. 2019) (quoting *Edmondson v. Eagle Nat'l Bank*, No. RDB-16-3938, 2018 WL 582514, at *8–9 (D. Md. Jan. 29, 2018) (quoting *Menominee Indian Tribe of Wisconsin v. United States*, 136 S. Ct. 750, 755 (2016)))).

Moreover, the Fourth Circuit has recognized "the general rule that a Title VII complaint that has been filed but then dismissed without prejudice does not toll the 90–day limitations period."[2] *Angles*, 494 F. App'x at 329–30 (citing *O'Donnell v. Vencor Inc.*, 466 F.3d 1104, 1111 (9th Cir. 2006) ("In instances where a complaint is timely filed and later dismissed, the timely filing of the complaint does not toll or suspend the 90–day limitations period."); *Simons v. S.W. Petro–Chem, Inc.*, 28 F.3d 1029, 1030–31 (10th Cir. 1994)); see also *Quinn v. Watson*, 119 F. App'x 517, 518 n.* (4th Cir. 2005) ("In instances where a complaint is timely filed and later dismissed, the timely filing of the complaint does not 'toll' or suspend the ninety-day limitations period."). Generally, "outside the Title VII context— 'if [a] suit is dismissed without prejudice, meaning that it can be refiled, then the tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing.'" *Id.* (quoting *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000)).

Here, Stump filed her original civil suit on December 21, 2018. The parties dispute whether this was filed within the 90-day statute of limitations period. Stump argues, assuming the notice was mailed on September 20, 2018, that the statute of limitations period began running three days later on September 23, 2018, and therefore, Stump filed her suit on the 89th day after the limitations period began. (Dkt. No. 18 at 6.) Notably, the certificate of mailing states that

---

[2] "ADA claims utilize the powers, remedies and procedures outlined in Title VII discrimination actions so that an ADA claimant has 90 days after the EEOC's issuance of a right-to-sue letter to file suit." *Houdshell v. Artery Property Management, Inc.*, 107 F.3d 866 n.* (4th Cir. 1997) (citing 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(f)(1)).

"[f]or timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed," which would be September 25, 2018. (Dkt. No. 14-2 at 9.) If the court were to adopt the guidance in the certificate of mailing, then Stump would have filed her suit on the 87th day after the statute of limitations period began. Under either calculation, Stump filed her original suit within the 90-day statute of limitations period.

However, Stump filed the instant case on June 29, 2020; well outside the 90-day statute of limitations window. Stump argues that equitable tolling should apply to her late filing of the instant suit because "for nearly two [] years she has actively pursued her judicial remedies upon notice of deficiencies in her pleadings." (Dkt. No. 18 at 7.) However, the court notified Stump of the deficiency in her service on March 5, 2019, and for over a year Stump failed to correct the deficiency in service. Moreover, even if the court were to toll the statute of limitations period while Stump's first case was pending, Stump waited 104 days after her initial suit was dismissed to file the instant case. Stump does not provide any explanation for this significant delay in filing her second suit, and the court is not aware of any extraordinary circumstance that prevented Stump from timely filing her suit. For these reasons, Stump has not been diligent in pursuing this case and the court will dismiss this suit as time barred.

### III. CONCLUSION

For the reasons stated above, the court will enter an order granting defendant's motion to dismiss. (Dkt. No. 13.)

Entered: May 21, 2021.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

9